IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 19, 2016

## ANTHONY H. DEAN v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15676      Russell Parkes, Judge**
_____

**No. M2016-00033-CCA-R3-HC – Filed August 22, 2016**
_____


Petitioner was convicted of aggravated rape and sentenced to forty years as a Violent Offender for the rape of an eighty-nine-year-old woman. Petitioner's conviction and sentence were affirmed on direct appeal. *State v. Dean*, 76 S.W.3d 352, 357-60 (Tenn. Crim. App. 2001). After unsuccessfully utilizing various avenues to receive relief from his conviction, Petitioner filed the petition for writ of habeas corpus at issue herein. The trial court denied relief, and Petitioner appeals. After a review of the record and appropriate authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Anthony H. Dean, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, Senior Counsel; Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.


## OPINION

Eighteen years ago, Petitioner broke into the apartment of an eighty-nine-year-old Shelby County woman and brutally raped her. Petitioner was indicted for and convicted of aggravated rape. *Dean*, 76 S.W.3d at 356-58. Petitioner unsuccessfully sought relief in various forms including a direct appeal, a post-conviction petition, two separate petitions for habeas corpus relief, a petition for writ of error coram nobis, and a petition for relief under Tennessee Rule of Criminal Procedure 36.1. *See State v. Anthony H.*

*Dean*, No. W2015-01348-CCA-R3-CD, 2015 WL 9178833, at *1 (Tenn. Crim. App. Dec. 15, 2015), *no perm. app. filed* (challenging denial of motion for a corrected judgment relative to pretrial jail credits); *Anthony Dean v. State*, No. W2012-02354-CCA-R3-CO, 2013 WL 6798897 (Tenn. Crim. App. Dec. 20, 2013), *perm. app. denied* (Tenn. Apr. 8, 2014) (arguing that trial court had no jurisdiction because grand jury did not return indictment in open court); *Anthony H. Dean v. Joe Easterling, Warden*, No. W2008-01302-CCA-R3-PC, 2009 WL 1530183, at *1 (Tenn. Crim. App. May 22, 2009), *perm. app. denied* (Tenn. Oct. 19. 2009) (alleging that the trial court lacked jurisdiction to render judgment; that pretrial detention was punitive; and that punitive detention rendered all subsequent proceedings void); *Anthony Dean v. Glen Turner, Warden*, No. W2007-00744-COA-R3-CV, 2007 WL 4404112, at *1 (Tenn. Ct. App. Dec. 18, 2007) (challenging the dismissal of a habeas corpus petition, pretrial detention, the jurisdiction of the trial court, and the validity of his trial proceedings); *Anthony H. Dean v. State*, No. W2005-02319-CCA-R3-PC, 2006 WL 3613598, at *1 (Tenn. Crim. App. Dec. 7, 2006), *perm. app. denied* (Tenn. Apr. 16, 2007) (alleging ineffective assistance of counsel and violation of his constitutional rights when he was not taken timely before a magistrate).

In June of 2015, Petitioner filed the pro se petition for writ of habeas corpus at issue herein. In the petition he alleged that the Shelby County District Attorney and foreperson of the Grand Jury committed fraud by submitting an indictment on December 1, 1998, one day prior to the actual commencement of the Grand Jury session. As a result, he insisted that his resulting indictment and subsequent conviction were void. The trial court determined that there was nothing in the record to substantiate Petitioner's claim and, pointing to Petitioner's previous challenges to the indictment, noted that "the propriety of the return of the indictment was previously litigated and . . . denied." Petitioner appealed.

*Analysis*

On appeal, Petitioner insists that he has shown his judgment of conviction is void because the Grand Jury had not even convened when he was indicted for the underlying crime of aggravated rape. Therefore, in his view, any resulting indictment was void and the trial court lacked jurisdiction over him to enter a judgment of conviction. The State disagrees.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever. . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or

sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

Although defenses based on the validity of an indictment must ordinarily be raised pretrial, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529; *see also* Tenn. R. Crim. P. 12(b)(2), (f). Generally, an indictment is valid if it contains information that is sufficient: "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202. If an indictment is so defective that it deprives the trial court of jurisdiction, a petition for writ of habeas corpus is an appropriate avenue to seek relief. *Dykes*, 978 S.W.2d at 529. However, if the defect claimed by the petitioner does not relate to the jurisdiction of the trial court, it is considered waived for failure to raise it before trial. Tenn. R. Crim. P. 12(f)(1).

Here, Petitioner challenges the validity of the indictment—something he has done at least twice before. *See Anthony H. Dean*, 2013 WL 679889, at *5-6; *Anthony H. Dean*, 2009 WL 1530183, at *3. A habeas petition is not the proper place to relitigate issues that have been previously ruled upon. Under the "law of the case" doctrine, issues which have been previously determined on appeal cannot be reconsidered. *Memphis Publ'g Co. v. Tenn. Petroleum*, 975 S .W.2d 303, 306 (Tenn. 1998). "This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts." *Id.* (quoting *Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996)). This doctrine also applies to issues that were determined necessarily by implication. *Id.*

Moreover, Petitioner's arguments that the prosecutor somehow committed fraud or that the trial court lacked jurisdiction to enter judgment do not entitle him to habeas

relief. Prosecutorial misconduct is not cognizable in a habeas petition as it is not the type of issue that would render a judgment void. *See* T.C.A. § 29-21-101. Additionally, nothing on the face of the judgment indicates that the trial court lacked jurisdiction. A trial court can summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the conviction addressed therein is void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App. July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Petitioner is not entitled to relief on this issue.

  For the foregoing reasons, the dismissal of the petition for habeas corpus relief is affirmed.

          _____
          TIMOTHY L. EASTER, JUDGE